UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-23062-CIV-TORRES

TOPWIN SHOES, INC.,

    Plaintiff,

v.

MINA INTERNATIONAL CORP.
and TOM HWANG, individually,

    Defendants.
_____/

MINA INTERNATIONAL CORP.,

    Counter-Plaintiff,

v.

TOPWIN SHOES, INC.,

    Counter-Defendant.
_____/

## ORDER ON PENDING MOTIONS

This matter is before the Court, following the parties' consent to jurisdiction, on various pending motions on the docket that are ripe for disposition. The Court has reviewed the motions, responses if any, and the record in the case. Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1. Defendants' Motion to Dismiss Plaintiff's Complaint [D.E. 9] is **GRANTED**. The motion is granted by default under S.D. Fla. Local R. 7.1 as no

response has been served in opposition to the motion. Moreover, the motion sets forth good cause why Count V of the Plaintiff's Complaint should be DISMISSED. The Court's Order is without prejudice in the event that an amended complaint can cure the deficiencies cited in the motion, if possible. The remaining counts alleged in the Complaint are not affected by this Order.

2.      Counter-Defendant's First Motion to Set Aside Default [D.E. 15] is **GRANTED**. Counter-Defendant shall file separately an answer to the counterclaim no later than February 5, 2010.

3.      Counter-Defendant's Motion for Default Judgment [D.E. 20] is **DENIED AS MOOT** based upon the filing of a corrected motion.

4.      Counter-Defendant's Corrected Motion for Default Judgment [D.E. 21] is **DENIED**. Though the Court appreciates Counter-Defendant's frustration in getting Counter-defendant's counsel's attention with respect to this matter, the remedy requested – a case dispositive default judgment – is too harsh a sanction given the relevant factors involved. Specifically, little prejudice results from vacating the default given that some related issues would still be litigated on Plaintiff's claims against the Defendant. Therefore, to continue litigation over the counter-claim as well would present minimal prejudice under the circumstances. And though Counter-Defendant's arguments that the motion to vacate does not present adequate evidentiary support to establish good cause under Rule 55 is well-taken, there are sufficient facts in this record to satisfy the liberal and flexible standard the Court must apply. *See Compania Interamericana Expert-Import, S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948,

951 (11th Cir. 1996). Accordingly, the Court will err on the side of caution and vacate the default. The Court cautions counsel for Plaintiff/Counter-Defendant, however, to ensure that all deadlines are met in the case and all rules are followed going forward. Counsel is far more knowledgeable about the Court's rules than represented in the motion to vacate, which knowledge clearly should have prevented the current circumstance.

5. Additionally, counsel for Plaintiff/Counter-Defendant is **ORDERED** to contact opposing counsel and file, within twenty days, an amended scheduling report setting forth proposed dates for a specially set trial in the case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 1st day of February, 2010.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge